Good morning, Your Honor. The issue in this case is whether the petitioner has suffered a past persecution to be eligible for the asylum claim. And both the petitioner's first common-law spouse and the second legal spouse went through forced abortion. And the petitioner has suffered separate past persecution as well. In fact, he was detained for a whole day after he refused to let his common-law spouse to go through the forced abortion. And then also the petitioner was restrained by force by the police officer when he resisted his second wife's forced abortion by yelling at the family planning officers. You know, threats and detention may be evidence of past persecution, but they are fact-specific. And we need to examine the cases separately, for example, violent confrontations, vandalism, mistreatment, etc. We don't seem to have that here. In fact, Chen was never physically abused or otherwise mistreated, was he? Well, he was mistreated by the police officer because he was not supposed to be detained and he was detained for a full day over there. And then also the physical restraint is not a very pleasant experience as well. Well, it seems to me the question is this. There seems no doubt to me that this would not be sufficient. Everything that happened to him together would not be sufficient to be persecution ordinarily. That is outside the family planning context in China. So the question is, is the Chinese family planning law of what's persecution the same or different than is generally applicable? Well, this is an issue I studied China law when I was in China and actually passed a bar in China as well. I'm not asking about Chinese law, I'm asking about American law, about the Chinese planning. Well, in China, they believe it's not kind of persecution, right? But however, according to the American standard here, within the U.S. court, and so... No, but what I'm saying is if he was claiming, for example, persecution for religious reasons, this would, I can tell you that I'm sure that what happened to him would not be sufficient to be persecution, right? So what I'm asking is, is the fact that you add to whatever else happened, the fact that his wife suffered a forced abortion... What would otherwise not be persecution? Well, my argument is that look at the overall situation. His first wife went through the forced abortion, second wife went through forced abortion. And to him, it's a mental trauma because literally he went through all those emotional stress, beaten up by family relatives as well because the government also accused him to be a rapist. So the next issue I haven't covered yet, but I'm going to say he has a reasonable fear of future persecution as well because literally he was alleged to sleep with a woman under the so-called alleged marriage age. However, according to Chinese law and the marriage law, the lady can't get married with a man at the age of 20. So the local government really twist the law in order to enforce the family planning policy. So in this way, he was persecuted. I have a question for you and for the other side as well when they have a chance. It's not in your briefs. In October of this year, China announced it was abandoning its 35-year policy of limiting families to one child. Can this court take judicial notice of this announcement? And if so... That's true, yes. And if so, what effect does that have on this case? Well, Doug was about to discuss that as well. Well, although the government allowed each family to have a second child, however, he cannot change the past history that the wife went through the forced abortion already. I mean, you really cannot change the past persecution. But it can't change the future. What is the likelihood of future persecution in light of this new policy? Well, he allegedly slept with the so-called girlfriend, actually his common-law spouse, and we cannot change that fact. He's still under the threat and the government want to charge him as a rapist again. It doesn't matter. It doesn't change with the new Chinese law because he still has the same problem because it resists the government. But they didn't charge him as a rapist in the fairly long period of time that he remained in China afterwards. Well, you can say he can have a second child, right? And that's true. However, the problem is that he resists and he showed his resistance to the government when they arrested the wife, the first. And secondly, that was on the record because in the government's eye, he did something wrong. It doesn't matter whether the law will be changed in the future, he can have a second child or not, but his life literally is under threat because of the government. I'm sorry, go ahead. Counsel, Judge Gould, I have a question for you. Sure. You earlier said that his detention was unpleasant or something like that, but wasn't pleasant. My question is to ask you to be more specific because it seems to me that in our cases, a lot turns on how the individual is treated as contrasted with abortions of a girlfriend or spouse. So my question is what really happened to him while he was detained? Was he beaten? Is there evidence in the record that there were beatings or that there were threats to his life? Well, Your Honor, I am not the primary counsel on this case. I was retained at almost the last minute by the other co-counsel, I mean the counsel who prepared the brief. So I was not given that in effect, however... You're doing a lot better job than the brief, so go ahead. Yeah, yeah, well I know, I'm more knowledgeable than they are. In fact, what I really, what I glean from the facts is that, of course, in fact he was detained for a whole day and according to the information on the available internet, the Chinese jail is very well known for its abuse of the inmates. So I understand the general point, but I'm asking if there's any evidence in the record as to what happened to him during that day. It could be unpleasant for him because he doesn't like to lose his time, but it could be different if there are beatings or death threats. I just want to know what evidence he submitted on that. Okay, the evidence he submitted on the record is that the official threatened the petitioner that if he refused to persuade the girlfriend to terminate the pregnancy, he would, then they would send him to police and sue him a rapist. And then he would be put in jail for five years. So, and this is the evidence. And then also the girlfriend, in fact, could not have babies anymore. And that's the second, that was at the page 119. So, these are the evidence that I can glean so far. And he went through the very emotional disaster when the girlfriend and him broke up in 1999. So finally, he ends up marrying the second wife. And I believe that this was enough emotional trauma to him. So, when we talk about the persecution, not only physical persecution, Your Honor, we also talk about emotional persecution as well. And he suffered enough. That's my opinion. Thank you very much. You're welcome. Even assuming past persecution, doesn't Chen fail to demonstrate future persecution, especially because he did not experience any persecution after her forced abortion? We have him traveling to Europe, coming back to China, not seeking asylum there. Isn't that significant as well? Focus, if you will, on future persecution, especially in light of the new China policy. When you look at all of that together, to borrow your words, the total circumstances, where's the future likelihood of future persecution? The government can go back to arrest him for being a rapist because he's There's absolutely no, they wanted to do that. They had plenty of opportunities to do it and they didn't do it. Yeah. But, you know, I'm just saying that there's this likelihood they can do it if he doesn't, quote unquote, doesn't behave himself. And the second, I believe, That's the problem. I mean, that's the relevance of the fact that there's a change in the policy, because his whole argument previously was that if he goes back and has another child, he'll be persecuted. But in fact, that doesn't seem to be the case anymore. Well, if he goes back because there wasn't an issue about he has resisted against government, the government can still pick on him, not just on the second child. The issues can be something else. But they haven't. Anyway, your time is up. Thank you very much. Thank you. May it please the court, Matt Crapo on behalf of the Attorney General. The only issue before the court today is whether the record compels the conclusion the petitioner was subjected to past persecution. As opposing counsel mentioned, he was detained for one day. He was threatened with rape charges if he didn't convince his girlfriend to obtain the abortion. He was, and then later on with his wife, he was physically restrained and threatened with rape charges before his wife agreed to go and have the abortion. Talk about the new policy, please. The new policy, I think. How does it affect this case, if at all? I think it undermines the likelihood of future persecution. But if we thought that the BIA was wrong about the past persecution, we would simply reverse that and remit, wouldn't we? Because there's a different standard that applies. Correct. With regard to future persecution based on whether there was or wasn't past persecution. Right. I sort of don't think the new policy is exactly our problem at this point. I was just going to say that I would, while the court can note that, I mean, obviously the court is aware of the change in policy, but it's for the board to decide in the first instance or the fact finder, the immigration judge, to determine how that applies in this specific circumstance. But it's still pertinent to know whether there was past persecution. Correct. Because that would influence the standard that applies to future persecution. Absolutely. So as to that, it's a legal question I raised. That is, it seems pretty obvious. Well, take the Jiang case, all right? What occurred in the Jiang case, if you take out the forced sterilization or abortion, wouldn't be persecution under our case law. Do you agree with that? In other words, what happened in Jiang, which was determined along with the forced sterilization or abortion to be persecution, wouldn't be persecution in general if there was a different nexus. In other words, if you had somebody who was claiming religious or political opinion persecution and said, I was fined and I was thrown out of school and whatever happened there, everything together that happened there, it doesn't seem, it seems impossible that that would rise to a level of persecution. Does that seem right to you? That seems right. So therefore, it's a different standard. It's not that it's a different standard that's being applied, but it's that the recognition that the forced sterilization or abortion itself is part of the persecution is what changes the calculus, so to speak. Agreed. And that's what the attorney general said in matter of JS and this court said in Jiang, is that the forced abortion of the spouse does play a part. All right. So then the question is, given that and therefore not relying, as your brief did, on the non-Chinese population control cases, how is this different than Jiang, for example? I mean, it's maybe different in details, but it doesn't seem to me to be, you know, or is it in kind of calibration worse or better? Well, I would say that this differs in Jiang because he wasn't forced to pay a fine. He wasn't expelled from school. Well, of course, the details are different. That's why I said, not the details, but in terms of the calibration of how bad this was. I mean, to me, being told that unless you do something, you're going to be charged with being a rapist and sent to prison for five years is pretty serious stuff. Maybe more serious than anything that happened in Jiang. But nothing ever came of those threats. Because she had the abortion. Right. Right. In other words, yes, as to future persecution, it seems to me that they're non-entities. But in terms of whether it was past persecution, because if he didn't do it, he had to go along with the forced abortion or this would have happened. But this court, only in very extreme cases are threats seriously enough to constitute persecution. I know. That's what I'm trying to say. Right. And basically never is a fine persecution ordinarily. Right? Outside of this context. Is there any context other than this one in which a fine would even be relevant to persecution? I believe so. Like what? I'm sure that your office has stood up a hundred times and told us not. Or being thrown out of school. How many times have we been told that being thrown out of school is not persecution? I don't think that that would have been persecution itself. But the board actually has, I think it's a matter of TLZ, a case dealing with economic persecution, where if a fine is so onerous. It's like you're reduced to complete destitution and can't feed yourself. Yes. Okay. The case was very serious about this outside of this area. So I'm just trying to say what I'm trying to get at is I understand you can say as compared to Zhang, this particular thing didn't happen. But in terms of seriousness overall, how is this lesser than Zhang? Because I think each case turns on its own facts and its case-by-case analysis. And Zhang had the heavy fine and expelled from school and the attempted arrest on his wedding day. And so those are just things that rose as more severe than the circumstances in this case. And I would just suggest that if reasonable minds can differ as to whether or not this constitutes persecution, then the record can't compel the conclusion that it does. And that the court should not disturb the board's decision. They cited before or after Zhang by the BIA. It must have been after, right? After. And the board considered Zhang. They did? Yeah. They cited Zhang in its decision. Bottom line is you have to have evidence beyond forced abortion. That's what the case law clearly says. You have to look at the particulars of each case to determine what those factors are. One could argue that Zhang is not the case that's before us today. It had other factors that you've already outlined and summarized that arguably are more severe than what we have in the Chen case. Yes, Your Honor. And again, the case law, I know this court's decision in Lim discusses when threats are severe enough. It's only in extreme cases where the threats are so menacing as to cause significant actual suffering or harm. And he didn't testify that, you know, it was disturbing enough that he had to go convince his girlfriend to go through with the abortion or his wife went through the abortion to avoid him being arrested on rape charges. But it doesn't, the threats in themselves aren't severe enough to constitute persecution to him personally. And to accept Petitioner's reliance on Zhang is basically suggesting that the forced abortion of his girlfriend and spouse are conclusive proof of persecution. And that just would bring back the per se rule if the court were to accept that position. Here the board explicitly considered the abortions, the rape charges and everything and reasonably concluded that the circumstances didn't rise to the level of persecution. And because the record doesn't compel a contrary conclusion, I would urge the court to deny the petition for review. Thank you very much. Your Honor, I just want to address the similarity between our case and Zhang's case. The similarity is that Zhang's spouse went through a forced abortion and resisted. In our case, the petitioner resisted the forced abortion policy and as a result he was detained for one day. So very similar to Zhang. Zhang was detained for one day as well. It's more serious than Zhang because he was threatened as a rapist and also he was threatened to be put in jail for five years. And second, I want to address the policy, the new policy that came out in October this year and has not been fully implemented yet. We can expect a certain kind of delay in certain cities. So in that sense, the petitioner is not guaranteed to have the freedom to have a second child at the time being. So still the current persecution has not gone away. Thank you. Okay, thank you very much. The case of Chen v. Lynch is submitted and we will take a short break.
judges: Gould, Berzon, Zouhary